### WEISSINGER, ET AL. v. JOHNNSON, ET AL.

1. When a cause is submitted for trial on bill and answer, and the defendant denies the equity of the bill, and avers that the same was filed for delay, damages of six *per centum*, upon the judgment at law enjoined by the bill may be decreed.

Error from the 12th Chancery District. Before the Hon. D. G. Ligon, chancellor.

COMPLAINANTS filed their bill praying relief against a judgment on a writ of error bond, upon which they became bound as sureties for one Child, to prosecute a cause in the supreme court. The bill prayed an injunction, which was granted, and the defendant having filed his answer, shortly after the injunction was granted, obtained an order before the chancellor in vacation, dissolving the injunction. On final trial, the cause being submitted upon bill and answer, the chancellor dismissed the bill and decreed damages at the rate of six per centum, to be added to the judgment at law. The decree as to the damages is assigned for error.

DAVIS, for plaintiff in error.
EVANS, contra.

CHILTON, J.—By the act of 1816, (Clay's Dig. 357, § 76,) it is provided that " whenever an injunction shall be

dissolved, damages after the rate of six per centum shall be added to the amount of the judgment, provided the court be of opinion that the injunction was obtained for delay. The act of 1843, gives to the chancellors in vacation, after the defendant had filed his answer, the power to dissolve injunctions, in the same manner as had previously been exercised by the court in term time. Clay's Dig. 158, § 82. In this case the injunction was dissolved in vacation, and the cause was afterwards submitted for final trial on the bill and answer alone.

In the case of Crawford v. Bank of Mobile, 5 Ala. R. 55, it is said the damages of six per cent. cannot be allowed unless the facts stated in the bill, are shown to be untrue or evasive, and consequently, when the bill was dismissed for want of equity, a decree allowing damages was reformed in this court; but the case before us is not in this predicament. The defendant has fully answered the bill, denied all the equity, if it contained any, and avers that the bill was filed for delay. We think the conclusion at which the chancellor arrived, that the bill was filed for delay, is warranted by the facts of the case.

Let the decree of the chancery court be affirmed, at the cost of the plaintiff in error.